UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARK GREEN,                                       <u>MEMORANDUM DECISION</u>
                                                         <u>AND ORDER</u>
                                                  03 CV 00908 (GBD) (DCF)
                     Petitioner,

    -against-

JAMES J. WALSH,


                     Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

    <u>Pro se</u> petitioner Mark Green seeks a writ of habeas corpus under 28 U.S.C. § 2254, following his 1999 jury conviction for two counts of Rape in the First Degree and one count of Assault in the Second Degree, in New York State Supreme Court, New York County. Petitioner challenges his conviction on the grounds that the trial court violated his due process rights by improperly allowing the admission of incriminating hearsay testimony, and, with respect to his assault conviction only, that the evidence at trial was insufficient as a matter of law to prove his guilt beyond a reasonable doubt. Petitioner also seeks to raise additional habeas claims resulting from the state court's denial of his post-conviction motion for a DNA testing order pursuant to New York Criminal Procedure Law Section 440.30.

    The matter was referred to Magistrate Judge Debra C. Freeman for a report and recommendation ("Report"). Magistrate Judge Freeman recommended that all of petitioner's claims be denied, and that the underlying petition for habeas corpus be dismissed in its entirety. Petitioner asked for and received from this Court additional time to file his objections to the Report. On June 19, 2006, this Court issued an order enlarging petitioner's time to file objections to the Report to August 7, 2006. Neither petitioner nor respondent filed objections to

1

the Report and the time to do so has expired. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).

After reviewing the Report, the Court finds that the record is not facially erroneous. Petitioner's evidentiary error claim is procedurally barred. Petitioner was required to raise a contemporaneous objection to the trial court's evidentiary ruling to preserve the issue for appeal. Petitioner did not object at trial to the introduction of the statements he now uses to challenge his conviction. Even if this claim were not procedurally barred, it would fail because plaintiff cannot establish that the alleged evidentiary error "was error that infected the entire trial such that [petitioner's] conviction violates due process." See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Petitioner's insufficiency of the evidence claim is similarly procedurally barred. Petitioner claims that "[w]hile the evidence was clearly sufficient to establish that [the victim] suffered physical injury during the attack, there was simply not enough evidence linking her injuries to the floor of the bus," which provided the basis of his assault with a dangerous instrument conviction. The New York State Appellate Division rejected this claim, holding it was unpreserved. At the jury charge conference, the court phrased a portion of the charge as requiring the prosecution to prove "intentional assault with a dangerous instrument . . . [specifically,] the floor of the bus, causing physical injury." During the delivery of the charge, the Court stated, inter alia, that the prosecution was required to prove that petitioner "caused the physical injury to [the victim] by means of a dangerous instrument, to wit, the floor of a bus." Petitioner did not object to the jury instruction of the trial court. This claim was therefore not preserved on appeal. Petitioner's insufficiency of the evidence claim is therefore dismissed

Petitioner has made no showing of actual innocence based on any new evidence that "was not presented at trial." There is no basis for the Court to conclude that, at the time of petitioner's trial, the prosecution actually possessed any Brady material regarding a different individual, described by petitioner as the "true perpetrator," involved in the victim's rape. Petitioner's due process claim in connection with the state's denial of his Section 440.30 motion is also rejected. Petitioner cannot demonstrate the violation of a constitutional right with respect to the state's denial of his post-conviction review. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).

The Court adopts the Report in its entirety and for the reasons stated therein, the writ is hereby denied and the petition is dismissed. As petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 269 U.S. 438 (1962).

Dated: New York, New York
August 17, 2006

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

3